T.C. Summary Opinion 2004-152


UNITED STATES TAX COURT


ELLIOT S. AND DARLENE M. SAFFRAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6715-03S.                   Filed November 4, 2004.


Elliot S. Saffran, pro se.

Nina P. Ching, for respondent.


PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $7,041 in petitioners' 1999 Federal income tax.

The issue for decision is whether petitioners are entitled to deductions claimed on a Schedule C, Profit or Loss From Business, form.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Milford, Massachusetts, at the time they filed their petition.

Because petitioners have not complied with the substantiation requirements of section 7491(a)(2), the burden of proof as to facts relevant to the deficiency remains on petitioners. Rule 142(a).

Petitioners timely filed their joint Form 1040, U.S. Individual Income Tax Return, for 1999.

During 1999, petitioner Elliot Saffran (petitioner) operated a "data processing" business. On Schedule C, petitioner reported gross receipts of $90,038, total expenses of $70,562, and a net profit of $19,476. Petitioner claimed Schedule C deductions for car and truck expenses of $6,905, employee benefit programs of $8,328, pension and profit-sharing plans of $12,113, and "other expenses" of $8,741. The $8,741 amount comprised $3,645 for a computer, $1,726 for software, and $3,370 for parking fees and tolls.

Respondent disallowed $3,243 of the claimed car and truck

expenses deduction. Respondent disallowed $8,328 of the claimed employee benefit programs expense deduction, and instead allowed $4,996 for self-employed health insurance. Respondent disallowed the deduction for pension and profit-sharing plans expense in full. Respondent disallowed the deduction for other expenses of $5,371 and instead allowed a depreciation deduction of $1,301 for the computer and software. Respondent recharacterized the health insurance deducted as "employee benefit programs of $8,328" as an adjustment to gross income and allowed 60 percent of that amount or $4,996 as a deduction. Respondent disallowed $5,371 of the claimed "other expenses".

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Taxpayers, however, must maintain sufficient records to establish the amount of the claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property defined under section 280F(d)(4). Listed property includes, inter alia, automobiles and computers. Sec. 280F(d)(4)(A). To deduct expenses for such listed property, including depreciation, taxpayers must substantiate by adequate records the following items: The amount of each separate expenditure, the listed property's business and total usage, the date of the expenditure

or use, and the business purpose for an expenditure or use.  Sec.
274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed.
Reg. 46016 (Nov. 6, 1985).  To substantiate a deduction by means
of adequate records, a taxpayer must maintain an account book,
diary, log, statement of expense, trip sheet or similar record,
and/or other documentary evidence, which, in combination, are
sufficient to establish each element of expenditure or use.  Sec.
1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017
(Nov. 6, 1985).  Each recording of an element of an expenditure
or use must be made at or near the time of the expenditure or
use.  Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50
Fed. Reg. 46017 (Nov. 6, 1985).  A taxpayer who is unable to
satisfy the adequate records requirement is still entitled to a
deduction for expenses that he can substantiate with other
corroborative evidence.  Sec. 1.274-5T(c)(3), Temporary Income
Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).  When section
274(d) applies, as here, this Court cannot rely on Cohan v.
Commissioner, 39 F.2d 540 (2d Cir. 1930), to estimate the
taxpayer's expenses.  Sanford v. Commissioner, 50 T.C. 823, 827-
828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Respondent disallowed $3,243 of petitioner's claimed $6,905
deduction for car and truck expenses.  Petitioner submitted a so-
called log listing his travel expenses.  We are not required to
accept petitioner's self-serving statements as gospel.  Tokarski

<u>v. Commissioner</u>, 87 T.C. 74, 77 (1986).  Our review of this log leads us to conclude it was prepared at one time, and the entries could not have been made at or near the times of the expenditures.  Petitioner did not provide any credible evidence that he was entitled to deduct car and truck expenses in an amount greater than the amount allowed by respondent.  Therefore, we sustain respondent on this issue.

Petitioner claimed $8,328 on Schedule C under employee benefit plans.  Petitioner introduced some documents which included checks that were not canceled and nondeductible items dated 1998, and which did not total the amount petitioner claimed on his return.  We are not required to accept petitioner's generalized statements and decline to do so here without supporting evidence.  <u>Geiger v. Commissioner</u>, 440 F.2d 688 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159.  Respondent allowed 60 percent, or $4,996, as a deduction pursuant to section 162(l)(1).  For 1999, section 162(l)(1) allows a deduction equal to 60 percent of the amount paid for health insurance costs of a self-employed taxpayer, his spouse, and dependents.  Respondent is sustained on this issue.

Respondent disallowed the $12,113 claimed deduction for pension and profit-sharing plans.  At trial, petitioner presented no information or support for this deduction and admitted that he had "no more information".  Petitioner provided no evidence that

he paid any such expense.  Therefore, we sustain respondent on this issue.

The "other expenses" deduction of $5,371 included the cost of a computer and software.  Respondent disallowed the $5,371. However, respondent allowed a depreciation deduction of $1,301 for the computer and software.  Petitioner provided no evidence that he was entitled to a greater deduction than allowed by respondent, nor did he prove that he properly elected to expense the computer and software under section 179.  Again, we sustain respondent.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.